Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 348 - 7 | **DATE** | 7/28/2004 |
| **CASE TITLE** | USA vs. Bonnie LaGiglio | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendant Bonnie LaGiglio's emergency motion for order for her release pending appeal is granted. The defendant Bonnie LaGiglio is ordered released pending appeal. The recognizance bond previously imposed by this court is reinstated.

(11) ■ [For further detail see order attached to the original minute order.]

---

No notices required, advised in open court.
No notices required.
✓ Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

courtroom deputy's initials: AMM

Date/time received in central Clerk's Office

date docketed: JUL 29 2004
docketing deputy initials
date mailed notice: 7/28/2004
mailing deputy initials: AMM

Document Number: 703

01-348.041-JCD                                                  July 28, 2004

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**

**JUL 28 2004**

| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 01 CR 348-7 |
| | ) |
| BONNIE LAGIGLIO, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the emergency motion of defendant Bonnie LaGiglio seeking an order for her release pending appeal. The Court of Appeals has remanded the case to this court for the limited purpose of reconsidering our decision on defendant's release pending appeal in light of United States v. Booker, No. 03-4225, 2004 WL 1535858 (7th Cir. July 9, 2004).

The statute governing bail pending appeal provides that a convicted person must be detained unless the district court finds that she is not a flight risk or a danger to the community and that her appeal "is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal [or] an order for a new trial." 18 U.S.C. § 3143(b)(1). "A court considering bail pending appeal must first determine whether the question raised by the appeal is 'substantial,' and then must

determine whether a[n] appellate ruling is likely to require reversal of the conviction or a new trial." U.S. v. Shoffner, 791 F.2d 586, 588 (7th Cir. 1986). A "substantial" question of law or fact has been defined as one that presents a close question or "one that very well could be decided the other way." Id. at 589.

One of the questions now presented or soon to be presented in LaGiglio's appeal deals with the effect of the Supreme Court's ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004), and the Seventh Circuit's subsequent ruling in Booker, 2004 WL 1535858. In Booker, the Seventh Circuit held that in light of Blakely, the application of guidelines sentencing enhancements that require factual findings by the sentencing judge violates the Sixth Amendment.

LaGiglio was convicted of conspiracy to impede the collection of taxes in violation of 18 U.S.C. § 371. Her sentence was enhanced pursuant to findings regarding the amount of tax loss and that the offense involved sophisticated means. Thus, it does appear that in light of Booker, LaGiglio raises a substantial question that is likely to require reversal, at least for the purpose of resentencing. We also find that the appeal is not for the purpose of delay and that LaGiglio is not a flight risk or a danger to the community.

Our disposition of LaGiglio's motion should not be taken as an indication of any view this court is likely to take regarding an

appropriate new sentence should there be a reversal and remand for resentencing. In the event of a holding that the substantive portions of the guidelines are not severable from the requirement that a judge find the facts relevant to a sentence, we intend to adopt the following procedure suggested in <u>Booker</u>: "the judge . . . can choose any sentence [within the statutory range] and in making [this] determination he is free to draw on the guidelines for recommendations as he sees fit." 2004 WL 1535858, at *6.

For the reasons stated above, the defendant Bonnie LaGiglio is ordered released pending appeal. The recognizance bond previously imposed by this court is reinstated.

DATE: July 28, 2004

ENTER: _____
John F. Grady, United States District Judge