# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 348 | **DATE** | October 12, 2004 |
| **CASE TITLE** | United States v. Spano, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Upon reconsideration, we deny Bonnie LaGiglio's motion for release from prison pending appeal and vacate the order of July 29, 2004 which directed her release. LaGiglio is ordered to report back to her designated institution by October 26, 2004. ENTER ORDER.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | Nash, Michael@6290109; Schneider, Matthew@AUSA@8860657 | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices FAXED by judge's staff. | | OCT 13 2004 | |
| | Notified counsel by telephone. | | date docketed | 714 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | 2004 OCT 12 PM 3: 02 | RAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 01 CR 348 |
| | ) |
| BONNIE LAGIGLIO, | ) |
| | ) |
| Defendant. | ) |

OCT 13

### MEMORANDUM OPINION AND ORDER

In an opinion dated October 8, 2004, the Court of Appeals referred to this court for further consideration the motion of Bonnie LaGiglio for release from prison pending appeal.[1] The Court of Appeals provided explicit guidance as to the circumstances under which LaGiglio could properly be released pending appeal. United States v. LaGiglio, No. 04-2934, 2004 WL 2260502, at *1 (7th Cir. Oct. 8, 2004). The first circumstance would be that this court plans, in the event of a re-sentencing, not to rely on the guidelines at all, but instead to use its discretion to sentence LaGiglio to a term shorter than the time her appeal will require. As we indicated in our opinion of July 29, should the case be

---

[1] According to the Bureau of Prisons Web site, Bonnie LaGiglio is presently on release status. (Our order of July 29, 2004, directed her release pending appeal.) We will treat the Court of Appeals opinion of October 8, 2004, as a direction to reconsider our order of July 29, 2004.

714

remanded for re-sentencing, it is our intention to follow the suggestion of the Seventh Circuit in United States v. Booker, 375 F.3d 508, 515 (7th Cir. 2004), that the judge "[c]hoose any sentence [within the statutory range] and in making [this] determination he is free to draw on the guidelines for recommendations as he sees fit." That is still our intention.

The second circumstance, empaneling a sentencing jury, would occur only if the Supreme Court should direct that sentencing juries must be used to determine guideline issues; otherwise, there is no possibility that we would use that method.

The third circumstance mentioned by the Court, that on a re-sentencing we would impose only a sentence consistent with a base offense level of 10, with no enhancements, is extremely unlikely. That would be a maximum sentence of 12 months. LaGiglio has already served in excess of 12 months, but that is irrelevant unless we can say it is likely that on a re-sentencing she would receive less than the amount of time required to complete her appeal. We cannot say that.

We are now satisfied that we should have denied LaGiglio's motion for release when it was originally presented. 18 U.S.C. § 3143(b)(1)(B)(iv) provides that release pending appeal is authorized only if the appeal "raises a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus

the expected duration of the appeal process." (emphasis added).
The Court of Appeals observes in its October 8, 2004, opinion that
in the July 29, order "[t]he district judge did not indicate
whether he thought LaGiglio was <u>entitled</u> to a sentence short enough
not to exceed the time she has already served . . . ." (emphasis
added). Properly considered, LaGiglio's motion for release must
be denied because there is no showing that her appeal is "likely"
to result in a new sentence that is shorter than the time required
for her appeal. Our present view is that her 41-month sentence was
appropriate, and we can think of no persuasive argument to the
contrary. This is not to say it is impossible we could be
persuaded otherwise, but the point is that in our present view of
the matter it is not <u>likely</u>.

Accordingly, on reconsideration, we deny Bonnie LaGiglio's
motion for release from prison pending appeal and vacate the order
of July 29, 2004 which directed her release. LaGiglio is ordered
to report back to her designated institution by October 26, 2004.


DATE:          October 12, 2004


ENTER:
_____
John F. Grady, United States District Judge